UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRELYN EMBERNATE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:17-cv-0040 JAM DB<br><br>FINDINGS AND RECOMMENDATIONS |

This social security action was then submitted without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] Plaintiff's motion challenges the Administrative Law Judge's finding at step two of the sequential evaluation, as well as the treatment of the medical opinion evidence. For the reasons explained below, plaintiff's motion should be granted, the decision of the Commissioner of Social Security ("Commissioner") should be reversed, and the matter should be remanded for further proceedings.

////

////

---

[1] This matter has been referred to the undersigned pursuant to Local Rule 302(c)(15).

1

# PROCEDURAL BACKGROUND

On June 3, 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") alleging disability beginning on May 26, 2014. (Transcript ("Tr.") at 156-57.) Plaintiff's application was denied initially, (id. at 96-99), and upon reconsideration. (Id. at 101-05.)

Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on June 11, 2015. (Id. at 24-55.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 25-26.) In a decision issued on August 14, 2015, the ALJ found that plaintiff was not disabled. (Id. at 19.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2018.
>
> 2. The claimant has not engaged in substantial gainful activity since May 26, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairment: left knee degenerative osteoarthritis (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> 5. After careful consideration of the entire record, I find the claimant has the residual functional capacity to perform light work, as defined in 20 CFR 404.1567(b), except she is precluded from forceful pushing using her lower extremities and from operating foot controls bilaterally. Additionally, she is limited to occasional climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling, and never climbing ladders, ropes, and scaffolds.
>
> 6. The claimant is capable of performing past relevant work as a Customer Service Representative. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from May 26, 2014, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 15-19.)

1 | On December 13, 2016, the Appeals Council denied plaintiff's request for review of the ALJ's August 14, 2015 decision. (Id. at 1-4.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on January 9, 2017. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.

////

3

> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion asserts the following two principal claims: (1) the ALJ erred at step two of the sequential evaluation; and (2) the ALJ's treatment of the medical opinion evidence constituted error. (Pl.'s MSJ (ECF No. 10) at 5-12.[2])

I.  Step Two Error

At step two of the sequential evaluation, the ALJ must determine if the claimant has a medically severe impairment or combination of impairments. Smolen v. Chater, 80 F.3d 1273, 1289-90 (9th Cir. 1996) (citing Yuckert, 482 U.S. at 140-41). The Commissioner's regulations provide that "[a]n impairment or combination of impairments is not severe if it does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1521(a) & 416.921(a). Basic work activities are "the abilities and aptitudes necessary to do most jobs," and those abilities and aptitudes include: (1) physical functions such as walking, standing, sitting, lifting, and carrying; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1521(b) & 416.921(b).

The Supreme Court has recognized that the Commissioner's "severity regulation increases the efficiency and reliability of the evaluation process by identifying at an early stage those claimants whose medical impairments are so slight that it is unlikely they would be found to be

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

disabled even if their age, education, and experience were taken into account." Yuckert, 482 U.S. at 153. However, the regulation must not be used to prematurely disqualify a claimant. Id. at 158 (O'Connor, J., concurring). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (internal quotation marks and citation omitted).

"[A]n ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Social Security Ruling ("SSR") 85-28); see also Ukolov v. Barnhart, 420 F.3d 1002, 1006 (9th Cir. 2005) (claimant failed to satisfy step two burden where "none of the medical opinions included a finding of impairment, a diagnosis, or objective test results"). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims[.]'" Webb, 433 F.3d at 687 (quoting Smolen, 80 F.3d at 1290); see also Edlund v. Massanari, 253 F.3d 1152, 1158-59 (9th Cir. 2001) (discussing this "de minimis standard"); Tomasek v. Astrue, No. C-06-07805 JCS, 2008 WL 361129, at *13 (N.D. Cal. Feb.11, 2008) (describing claimant's burden at step two as "low").

Here, plaintiff argues that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's obesity and lumbar spine impairments were not severe impairments. (Pl.'s MSJ (ECF No. 10) at 5-8.)

A.  Obesity

The ALJ must consider a claimant's obesity at steps two through five of the sequential evaluation. SSR 02-1p, 2002 WL 34686281 (2002). Moreover, the ALJ must also consider obesity in combination with the individual's other impairments. Id. Social Security Rule ("SSR") 02-1p directs that "[the ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments." Id. Instead, "[the ALJ] will evaluate each case based on the information in the case record." Id.; see also Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003) ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the

presence of those impairments.").

However, where the record does not contain evidence of a functional limitation due to obesity, or an indication that obesity exacerbated another impairment, the ALJ is not required to consider a claimant's obesity in combination with other impairments. Burch v. Barnhart, 400 F.3d 676, 682 (9th Cir. 2005); see also Rocha v. Colvin, 633 Fed. Appx. 894, 897 (9th Cir. 2015) ("The ALJ properly considered Rocha's obesity as the ALJ noted Rocha's obesity in making his determinations. The ALJ noted there was little evidence in the record to suggest Rocha was limited by her obesity."); Garcia v. Comm'r of SSA, 498 Fed. Appx. 710, 712 (9th Cir. 2012) (the ALJ's finding that obesity did not impact the RFC was proper where the plaintiff "did not provide any evidence of functional limitations due to obesity which would have impacted the ALJ's analysis") (internal quotation marks omitted); Hoffman v. Astrue, 266 Fed. Appx. 623, 625 (9th Cir. 2008) ("The ALJ's failure to consider Hoffman's obesity in relation to his RFC was proper because Hoffman failed to show how his obesity in combination with another impairment increased the severity of his limitations.").

Here, the ALJ "considered the impact of [plaintiff's] obesity" in "accordance with SSR 02-1p . . . ." (Tr. at 15.) The ALJ found that plaintiff's obesity was "a non-severe impairment" because plaintiff had "not testified or presented evidence that her obese body habitus significantly limit[ed] her ability to do basic work activities . . . ." (Id.) Although plaintiff argues that the ALJ erred by "not properly evaluat[ing] obesity as a severe impairment citing lack of testimony," plaintiff has failed to offer any evidence that her obesity limited her ability to do basic work activities. (Pl.'s MSJ (ECF No. 10) at 6.)

Accordingly, the undersigned finds that plaintiff is not entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation by finding that plaintiff's obesity was a non-severe impairment.

B. Lumbar Spine Impairment

Plaintiff also argues that the ALJ erred by failing to "make a determination regarding the severity of the lumbar spine impairment." (Id.) In this regard, the ALJ's decision noted that an x-ray taken in September of 2014, of plaintiff's lumbar spine "showed L4/5 facet degenerative joint

6

disease and L5/S1 severe degenerative disease, which was confirmed by a subsequent MRI." (Tr. at 16.) The decision went on to note that plaintiff received epidural steroid injections "in October 2014, and again in January 2015, and . . . was subsequently referred to physical therapy." (Id.) The ALJ, however, found that this impairment was not severe because it did "not meet the duration requirement because at the time of the hearing it had only persisted for approximately nine months," instead of 12 consecutive months, and because it was not "clear if this impairment can be expected to last the required duration." (Id.)

As noted above, the ALJ's conclusion that the claimant lacks a medically severe impairment or combination of impairments is valid only when that conclusion is "clearly established by medical evidence." Webb, 433 F.3d at 687. Here, given the evidence explicitly acknowledged by the ALJ, the undersigned cannot say that the ALJ's conclusion that plaintiff's lumbar spine impairment was non-severe was clearly established by medical evidence. See Ortiz v. Commissioner of Social Sec., 425 Fed. Appx. 653, 655 (9th Cir. 2011) ("This is not the total absence of objective evidence of severe medical impairment that would permit us to affirm a finding of no disability at step two."); Webb, 433 F.3d at 687 ("Although the medical record paints an incomplete picture of Webb's overall health during the relevant period, it includes evidence of problems sufficient to pass the de minimis threshold of step two."); Russell v. Colvin, 9 F.Supp.3d 1168, 1186-87 (D. Or. 2014) ("On review, the court must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that Ms. Russell did not have a medically severe impairment or combination of impairments."); cf. Ukolov, 420 F.3d at 1006 ("Because none of the medical opinions included a finding of impairment, a diagnosis, or objective test results, Ukolov failed to meet his burden of establishing disability.").

Moreover, "[t]he Social Security Act defines 'disability' as the 'inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted *or can be expected to last* for a continuous period of not less than 12 months.'" Ukolov, 420 F.3d at 1004 (quoting 42 U.S.C. § 423(d)(1)(A)) (emphasis added).

////

Here, the ALJ failed to cite to any evidence, or present any argument, in support of the conclusion that plaintiff's "severe degenerative disease" of the lumbar spine was not "expected to last, a consecutive 12-month period."[3] (Tr. at 16.) The court "'may set aside a denial of benefits . . . if it is not supported by substantial evidence or is based on legal error.'" Garcia v. Commissioner of Social Sec., 768 F.3d 925, 929 (9th Cir. 2014) (quoting Robbins, 466 F.3d at 882).

Nor can it be said that the ALJ's error was harmless. See Stout v. Commissioner, Social Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) ("We recognize harmless error applies in the Social Security context."). Not only did the ALJ erroneously find that plaintiff's lumbar spine degeneration was not a severe impairment at step two, the ALJ also failed to adequately discuss those impairments later in the sequential evaluation. In this regard, the ALJ's only other specific discussion of plaintiff's lumbar spine degeneration was a passing reference to "chronic degenerative disc disease," made while affording "little weight" to medical opinion evidence. (Tr. at 18.) See Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any step two error was harmless where "ALJ extensively discussed" condition "at Step 4 of the analysis"); cf. Martinez v. Astrue, 630 F.3d 693, 698-99 (7th Cir. 2011) ("It is one thing to have a bad knee; it is another thing to have a bad knee supporting a body mass index in excess of 40. We repeat our earlier reminder that an applicant's disabilities must be considered in the aggregate.").

Accordingly, for the reasons stated above, the undersigned finds that plaintiff is entitled to summary judgment on the claim that the ALJ erred at step two of the sequential evaluation by

---

[3] Defendant argues that plaintiff's claim is "meritless" based on the medical opinion of "Dr. Nasrabadi." (Def.'s MSJ (ECF No. 11) at 8.) The ALJ's decision, however, did not refer to a medical opinion by Dr. Nasrabadi, or any other evidence, in finding that plaintiff's lumbar spine degeneration was not a severe impairment. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

finding that plaintiff's lumbar spine degeneration was not a severe impairment.[4]

II. Medical Opinion Evidence

Plaintiff argues that the ALJ erred in rejecting the May 20, 2015 opinion of plaintiff's treating physician, Dr. Paul Ware. (Pl.'s MSJ (ECF No. 10) at 8-11.) The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) However, "[e]ven when contradicted, a treating or examining physician's opinion is still owed deference and will often be

---

[4] Plaintiff's claim would find further support from evidence submitted after the ALJ's decision to the Appeals Council. (Pl.'s MSJ (ECF No. 10-1) at 1-5.) The Appeals Council, however, did not consider that evidence because it was generated after the June 11, 2015 administrative hearing. A case may be remanded to the agency for the consideration of new evidence if that evidence is material and good cause exists for the absence of the evidence from the prior record. See Mayes v. Massanari, 276 F.3d 453, 462 (9th Cir. 2001); Sanchez v. Secretary of Health and Human Services, 812 F.2d 509, 511-12 (9th Cir. 1987) (citing 42 U.S.C. § 405(g)). However, the new evidence must be probative of the claimant's condition as it existed at or before the time of the disability hearing. See Sanchez, 812 F.2d at 511 (citing 42 U.S.C. § 416(i)(2)(G)); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1162 (9th Cir. 2012) ("The Commissioner's regulations permit claimants to submit new and material evidence to the Appeals Council and require the Council to consider that evidence in determining whether to review the ALJ's decision, so long as the evidence relates to the period on or before the ALJ's decision."). Here, the undersigned will recommend that this matter be remanded for further proceedings, at which time plaintiff may submit new evidence.

'entitled to the greatest weight . . . even if it does not meet the test for controlling weight.'"
Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Orn v. Astrue, 495 F.3d 625, 633 (9th Cir. 2007)).

"If a treating physician's opinion is not given 'controlling weight' because it is not 'well-supported' or because it is inconsistent with other substantial evidence in the record, the Administration considers specified factors in determining the weight it will be given." Orn, 495 F.3d at 631. Those factors consist of: the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the supportability ("particularly medical signs and laboratory findings"); the consistency with the record as a whole; the specialization (whether the opinion relates to the doctor's specialty); and any "other factors." 20 C.F.R. § 404.1527(c)(2)(1)-(6); see also Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("Even if a treating physician's opinion is contradicted, the ALJ may not simply disregard it. The ALJ is required to consider the factors set out in 20 C.F.R. § 404.1527(c)(2)-(6) in determining how much weight to afford the treating physician's medical opinion."). "This failure alone constitutes reversible legal error." Trevizo v. Berryhill, 871 F.3d 664, 676 (9th Cir. 2017); see also Laborin v. Berryhill, 692 Fed. Appx. 959, 961 (9th Cir. 2017) ("The ALJ did not evaluate Dr. Tran's opinion in light of the factors set forth in 20 C.F.R. § 404.1527(c). This failure by the ALJ is reversible legal error.").[5]

Here, the ALJ considered the opinion of Dr. Ware, noting that Dr. Ware opined that plaintiff would be capable of sedentary work but limited to sitting for less than two hours, and standing and walking for less than two hours. (Tr. at 18.) The ALJ also noted that Dr. Ware opined that plaintiff would require unscheduled breaks every two hours and would miss more than four days of work per month. (Id.)

The ALJ afforded Dr. Ware's opinion, "little weight." (Id.) In support of this determination, the ALJ cited Dr. Ware's conservative course of treatment. (Id.) An ALJ may discount a physician's opinion if it is inconsistent with the plaintiff's conservative treatment. See,

---

[5] In evaluating Dr. Ware's opinion the ALJ did not address the factors set forth in 20 C.F.R. § 404.1527(c).

e.g., Hanes v. Colvin, 651 Fed. Appx. 703, 705 (9th Cir. 2016) ("the ALJ reasonably relied on his findings regarding Hanes's daily activities, her conservative treatment, and her positive response to that treatment to conclude that the assessments of Dr. Hawkins and Dr. Pena were inconsistent with the objective evidence in the record"); Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (ALJ reasonably discounted a treating physician's opinion where conservative treatment was inconsistent with symptoms one would expect if claimant was disabled).

Here, however, it is not clear that Dr. Ware's treatment was conservative. In this regard, a February 10, 2015, examination note reveals that, after plaintiff failed to respond epidural steroid injections, Dr. Ware discussed treating plaintiff's back pain with surgery. (Tr. at 505.) Dr. Ware determined that he would "go ahead and make a referral" for surgery after plaintiff moved. (Id.) At the June 11, 2015 hearing, plaintiff testified that she has not undergone surgery due to financial difficulties. (Id. at 41-42). Surgery and epidural injections do not appear to be conservative forms of treatment. See Hydat Yang v. Colvin, No. CV 14-2138 PLA, 2015 WL 248056, at *6 (C.D. Cal. Jan. 20, 2015) ("This Court has previously found that spinal epidural injections are not 'conservative' treatment."); Contreras v. Colvin, No. 1:13-cv-1237 JLT, 2015 WL 859626, at *11 (E.D. Cal. Feb. 27, 2015) (citing Ritchotte v. Astrue, 281 Fed. Appx. 757, 759 (9th Cir. 2008)) ("surgery is not considered conservative treatment").

The ALJ also supported the rejection of Dr. Ware's opinion based on the finding that, although Dr. Ware provided "an onset date of August 11, 2013," plaintiff's own alleged onset date was May of 2014. (Tr. at 18.) Dr. Ware's opinion, however, actually opined that August 11, 2013, was "the earliest date when the limitations indicated" by his opinion "first applied to this case." (Id. at 514.) There would be nothing inconsistent about plaintiff's limitations appearing in August of 2013, and plaintiff attempting to continue to work, before concluding in May of 2014 that she was disabled.

The ALJ also noted that plaintiff stated that "she tries to walk about two miles every other day" in support of the decision to reject Dr. Ware's opinion. (Tr. at 18.) The citation provided in support of this statement, however, reveals that the statement came from a May 12, 2014 treatment note from a Dr. Sharon Jamieson. (Id. at 403.) Dr. Ware's opinion was provided a year

11

later on May 20, 2015.  (Id. at 514.)  In this regard, it is not clear how plaintiff's attempts at exercise a year prior provides support for the rejection of Dr. Ware's opinion.

Finally, the ALJ also rejected Dr. Ware's opinion because he "issued his opinion using a check the box form without explaining the basis of his conclusions." (Id. at 18.)  However, "the ALJ was not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." Trevizo, 871 F.3d at 677 n.4.  But see Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) ("The ALJ, however, permissibly rejected them because they were check-off reports that did not contain any explanation of the bases of their conclusions.").

For the reasons stated above, the undersigned finds that the ALJ failed to offer specific and legitimate, let alone clear and convincing, reasons supported by substantial evidence in the record for rejecting the opinion of plaintiff's treating physician.  Accordingly, the undersigned recommends that plaintiff's motion for summary judgment also be granted as to plaintiff's claim that the ALJ's treatment of the medical opinion evidence constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits.[6]  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).  A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates

---

[6] On November 2, 2017, plaintiff filed a sur-reply.  (ECF No. 13.)  On November 16, 2017, defendant filed an objection to plaintiff's filing a sur-reply.  The undersigned finds it unnecessary to consider plaintiff's sur-reply in resolving plaintiff's motion for summary judgment.

12

serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the undersigned cannot say that further administrative proceedings would serve no useful purpose. In this regard, the ALJ's initial error occurred early in the sequential evaluation. Moreover, although the ALJ's treatment of Dr. Ware's opinion constituted error, it is not clear to the undersigned that Dr. Ware's entire opinion would necessarily be entitled to controlling weight. The resolution of these issues is best left for the ALJ.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) be granted;

2. Defendant's cross-motion for summary judgment (ECF No. 11) be denied;

3. The Commissioner's decision be reversed;

4. This matter be remanded for further proceedings consistent with these findings and recommendations; and

5. The Clerk of the Court be ordered to enter judgment for plaintiff and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections.

////

////

The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 12, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\embernate0040.f&rs