UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRELYN EMBERNATE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW SAUL, Commissioner of Social Security,[1]<br><br>　　　　　Defendant. | No. 2:17-cv-0040 JAM DB<br><br><br>ORDER |

Plaintiff brought this action seeking judicial review of a final administrative decision denying an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. On February 14, 2018, the undersigned issued findings and recommendations recommending that plaintiff's motion for summary judgment be granted. (ECF No. 16.) On April 26, 2018, the assigned District Judge adopted those findings and recommendations in full. (ECF No. 19.)

////

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

1

On June 28, 2019, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 24.) The motion asserts that plaintiff and plaintiff's counsel entered into a fee agreement, and that a copy of the "fee agreement is attached" to the filing. (ECF No. 24-1 at 1.) It is not. The motion also asserts that it is supported by "an itemization of the time involved in this matter." (ECF No. 24 at 2.) Again, it is not. Neither a copy of the fee agreement nor an itemization of the time spent on this action is included with the motion.

Moreover, the motion asserts that "$6,000 was already approved by the Order of Administrative Law Judge who approved the fee agreement," and that the "amount requested herein" of $9,064.75 "constitutes the amount of $17,500, which represents less than the full 25% of the past due social security disability benefits[.]" (Id. at 1.) But $6,000 + $9,064.17 = $15,064.75. And according to the Social Security Administration Notice of Award—a copy of which plaintiff's counsel did file—plaintiff was informed that pursuant to "the fee agreement between you and your representative" counsel "cannot charge [plaintiff] more than $6,000 for his or her work." (ECF No. 24-3 at 8.) Only $6,000 was withheld from plaintiff's "past-due benefits to pay the representative." (Id. at 3.)

Accordingly, IT IS HEREBY ORDERED that plaintiff's June 28, 2019 motion for attorney's fees (ECF No. 24) is denied without prejudice to renewal.[2]

Dated: November 14, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\embernate0040.406(b).den.ord

---

[2] In the event plaintiff files a renewed motion for attorney's fees, plaintiff's motion shall address the issues noted in this order by including the necessary documents and briefing.

2