UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERRELYN EMBERNATE, | No. 2:17-cv-0040 JAM DB |
| Plaintiff, | |
| v. | ORDER AND |
| ANDREW SAUL, Commissioner of Social Security[1], | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff brought this action seeking judicial review of a final administrative decision denying an application for Disability Insurance Benefits under Title II of the Social Security Act.[2] On April 26, 2018, the assigned District Judge entered an order granting plaintiff's motion for summary judgment and remanding this matter for further proceedings. (ECF No. 19.)

On March 26, 2020, counsel for plaintiff filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) seeking an award of $9,064.75. (ECF No. 26 at 1.) On May 4,

---

[1] Andrew Saul became the Commissioner of the Social Security Administration on June 17, 2019. See https://www.ssa.gov/agency/commissioner.html (last visited by the court on July 30, 2019). Accordingly, Andrew Saul is substituted in as the defendant in this action. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] This matter has been referred to the undersigned pursuant to Local Rule 302(c)(15).

2020, the undersigned issued finding and recommendations recommending that plaintiff's motion be granted and plaintiff's counsel be awarded attorney's fees in the amount of $9,064.75. (ECF No. 27.)

However, on June 1, 2020, defendant filed objections to the findings and recommendations. (ECF No. 28.) Therein, defendant explains that plaintiff's motion mistakenly "asked at different times for $9,064.50 and $9,064.75" and that only an award of $9,064.50 "is permissible under the statute[.]" (Id. at 2.) Defendant "has no objection to an order stating that Plaintiff's attorney is entitled to fees totaling $9,064.50" and that "Plaintiff's counsel has informed [defendant] that he does not oppose" defendant's objections.[3] (Id.) Plaintiff has not filed a reply to defendant's objections. In light of defendant's unopposed representations, the undersigned will vacate the May 4, 2020 findings and recommendations.

With respect to plaintiff's March 26, 2020 motion for attorney's fees, attorneys are entitled to fees for cases in which they have successfully represented social security claimants.

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002)). Although an attorney fee award pursuant to 42 U.S.C. § 406(b) is not paid by the government, the Commissioner has standing to challenge the award. Craig v. Sec'y Dep't of Health & Human Servs., 864 F.2d 324, 328 (4th Cir. 1989), abrogated on other grounds in Gisbrecht, 535 U.S. at 807. The goal of fee

---

[3] Defendant also represents that plaintiff's attorney seeks an award of attorney's fees "simply to approve the fees he has already claimed from his client." (ECF No. 28 at 2.) Accordingly, defendant "will not effectuate payment of additional fees, at Plaintiff's attorney's request." (Id.)

1   awards under § 406(b) is to provide adequate incentive to attorneys for representing claimants
2   while ensuring that the usually meager disability benefits received are not greatly depleted.
3   Cotter v. Bowen, 879 F.2d 359, 365 (8th Cir. 1989).

4         The 25% statutory maximum fee is not an automatic entitlement, and the court must
5   ensure that the fee actually requested is reasonable. Gisbrecht, 535 U.S. at 808-09 ("[Section]
6   406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b)
7   instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25
8   percent boundary . . . the attorney for the successful claimant must show that the fee sought is
9   reasonable for the services rendered." Id. at 807. "[A] district court charged with determining a
10  reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee
11  arrangements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'"
12  Crawford, 586 F.3d at 1149 (quoting Gisbrecht, 535 U.S. at 793 & 808).

13        The Supreme Court has identified five factors that may be considered in determining
14  whether a fee award under a contingent-fee arrangement is unreasonable and therefore subject to
15  reduction by the court: (1) the character of the representation; (2) the results achieved by the
16  representative; (3) whether the attorney engaged in dilatory conduct in order to increase the
17  accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the
18  amount of time counsel spent on the case; and (5) the attorney's record of hours worked and
19  counsel's regular hourly billing charge for noncontingent cases. Crawford, 586 F.3d at 1151-52
20  (citing Gisbrecht, 535 U.S. at 808). Below, the undersigned will consider these factors in
21  assessing whether the fee requested by counsel in this case pursuant to 42 U.S.C. § 406(b) is
22  reasonable.

23        Here, the undersigned finds that there is no indication that a reduction of fees is warranted
24  due to any substandard performance by counsel. Rather, plaintiff's counsel is an experienced
25  attorney who secured a successful result for plaintiff. There is also no evidence that plaintiff's
26  counsel engaged in any dilatory conduct resulting in excessive delay. The undersigned finds that
27  the $9,064.50 fee—which represents 25% of the past-due benefits paid to plaintiff based on 45
28  hours of attorney time expended on this matter—is not excessive in relation to the benefits

awarded. (ECF No. 26-2 at 4; ECF No. 26-5 at 2). In making this determination, the undersigned recognizes the contingent fee nature of this case and counsel's assumption of the risk of going uncompensated in agreeing to represent plaintiff on such terms. See Hearn v. Barnhart, 262 F. Supp.2d 1033, 1037 (N.D. Cal. 2003). Finally, counsel has submitted a detailed billing statement in support of the requested fee. (ECF No. 26-5.)

Accordingly, for the reasons stated above, the undersigned finds that the fees sought by counsel pursuant to § 406(b) are reasonable. See generally Azevedo v. Commissioner of Social Security, No. 1:11-cv-1341 AWI SAB, 2013 WL 6086666, at *2 (E.D. Cal. Nov. 19, 2013) (granting petition pursuant to 406(b) for $17,893.75 in attorney's fees); Coulter v. Commissioner of Social Security, No. 1:10-cv-1937 AWI JLT, 2013 WL 5969674, at *2 (E.D. Cal. Nov. 8, 2013) (recommending award of $15,084.23 in attorney's fees pursuant to 406(b)); Taylor v. Astrue, No. 1:06-cv-00957-SMS, 2011 WL 836740, at *2 (E.D. Cal. Mar. 4, 2011) (granting petition pursuant to 406(b) for $20,960 in attorneys' fees); Jamieson v. Astrue, No. 1:09cv0490 LJO DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (recommending award of $34,500 in attorney fees pursuant to 406(b)).

An award of § 406(b) fees is normally offset by any prior award of attorney's fees granted under the Equal Access to Justice Act ("EAJA"). 28 U.S.C. § 2412; Gisbrecht, 535 U.S. at 796. And plaintiff's counsel was previously awarded $6,000 in EAJA fees. (ECF No. 23.) However, because of an error stemming from the Commissioner's payment of benefits, $9,064.75—consisting of the $6,000 EAJA award and $3,064.75 contributed by plaintiff—has been held in trust by plaintiff's counsel. (ECF No. 26-1 at 2.) Therefore, no offset of EAJA fees is necessary.

Accordingly, IT IS HEREBY ORDERED that the May 4, 2020 findings and recommendations (ECF No. 27) are vacated.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's March 26, 2020 motion for attorney fees under 42 U.S.C. § 406(b), (ECF No. 26), be granted; and

2. Counsel for plaintiff be awarded the $9,064.50 in attorney fees under § 406(b).

////

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 19, 2020

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\embernate0040.406(b).f&rs2